JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04427-RGK-JPR | | Date | July 20, 2020 |
|---|---|---|---|---|
| Title | *Geragos & Geragos Fine Arts Building, LLC v. Travelers Indemnity Company of Connecticut, et al* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 26]

## I.     INTRODUCTION

On April 21, 2020, Plaintiff Geragos & Geragos Fine Arts Building, LLC ("Plaintiff") filed a Complaint in Los Angeles County Superior Court against Travelers Indemnity Company of Connecticut ("Travelers," or "Defendant") and Los Angeles Mayor Eric Garcetti ("Mayor Garcetti") for claims arising from loss of rental income due to Covid-19 tenant relief measures.

On June 8, 2020, Plaintiff filed a first amended complaint ("FAC") seeking damages against Travelers for (1) breach of the implied covenant of good faith and fair dealing, (2) violations of California Insurance Code § 790.03, (3) violations of California Business and Professions Code § 17200, and (4) a declaratory judgment that Mayor Garcetti's tenant relief orders constitute loss or damage to the insured premises.

Presently before the Court is Plaintiff's Motion to Remand this case to state court for lack of subject matter jurisdiction. (ECF No. 26.) For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II.     FACTUAL BACKGROUND

Plaintiff owns a residential building in Pasadena insured by Travelers. Plaintiff alleges that it suffered rental-income losses as a result of Mayor Garcetti's COVID-19 tenant relief orders, which, per the Complaint, "provided residential tenants with (1) the ability to withhold rent on account of Coronavirus-related issues (i.e. un/underemployment, illness, quarantine, etc.); (2) a moratorium on tenant evictions; (3) a deferral for residential tenants to pay rent over a 12-month period (amended

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-04427-RGK-JPR | | Date | July 20, 2020 |
|---|---|---|---|---|
| Title | *Geragos & Geragos Fine Arts Building, LLC v. Travelers Indemnity Company of Connecticut, et al* | | | |

previously from over a 6 month period); and (4) the inability of any landlord to charge interest or late fees on the deferred rent. The tenant relief orders remain in effect for the duration of the Los Angeles Covid-19 emergency period, the end date of which is not presently set. Plaintiff contends that the orders trigger coverage protections under the parties' insurance contract." (FAC ¶ 15.)

Defendant removed this action on May 15, 2020, on the basis of diversity jurisdiction, asserting that Plaintiff fraudulently joined Mayor Garcetti, who has not appeared in this litigation to this point.

## III.   **JUDICIAL STANDARD**

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

## IV.   **DISCUSSION**

Defendant argues that the amount in controversy requirement is satisfied when combining Plaintiff's claims for coverage for lost-rental income under the policy, emotional distress damages, punitive damages, and attorney's fees. The Court finds that Defendant has not met its burden to establish that the amount in controversy exceeds $75,000.

### A.   **Lost-Rental Income**

Defendant asserts that Plaintiff's rental income of $6,800 per month serves as a basis for calculating the amount of controversy. (See Mot. to Remand 4, ECF No. 22; Opp. 9, ECF No. 27.) Plaintiff alleges that "[a]s a direct and proximate result of [Mayor Garcetti's March 2020 COVID-19] Orders, Plaintiff has been forced to deal with rent deferral requests and unpaid rent and other related issues stemming from its tenants' failure, among other things, to pay rent with respect to the Insured Premises." (FAC ¶ 18.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04427-RGK-JPR | | Date | July 20, 2020 |
|---|---|---|---|---|
| Title | *Geragos & Geragos Fine Arts Building, LLC v. Travelers Indemnity Company of Connecticut, et al* | | | |

However, the Court is skeptical that Plaintiff's monthly rental income, however it may be aggregated, represents a colorable source of damages in this case. The L.A. Ordinance[1] provides that "[n]othing in this article eliminates any obligation to pay lawfully charged rent[,]" even if it also provides that "[n]o Owner shall charge interest or a late fee on rent not paid under the provisions of this article." L.A. Ordinance § 49.99.2(A)–(B). Thus, even assuming that policy benefits are triggered by the ordinances at issue, the Court fails to see how Plaintiff will ultimately be damaged in an amount greater than the lost interest or late fees on delinquent rents.

That said, future policy benefits are also awardable under a finding of breach of the implied covenant of good faith and fair dealing, and thus may be properly considered in determining the amount of controversy. *Albino v. Standard Ins. Co.*, 349 F. Supp. 2d 1334, 1340 (C.D. Cal. 2004). Defendant argues that Plaintiff's benefits for "lost rental income" would exceed $75,000 if lost-rental damages continue to accrue at a rate of $6,800 per month for the duration of the twelve-month policy period. (Def.'s Opp. 9.) Even assuming, however, that $6,800 per month in *delayed* rent is fully recoverable as damages, the Court still finds this argument too speculative to overcome the "strong presumption against removal jurisdiction" given the highly unpredictable nature of the COVID-19 pandemic. *Gaus*, 980 F.2d at 566. Defendant's notional future damages would require the local emergency period during which rents are suspended to remain in effect for an entire year. While the present emergency period does not have a set end date, the Court has nothing before it to suggest that it will persist for an entire year such that Plaintiff would continue to accrue damages for unpaid rent during that time.

Plaintiff's post-removal affidavit further militates against finding the jurisdictional threshold satisfied. Post-removal affidavits may clarify the amount in controversy. *McIntyre v. U.S. Airways*, No. 2:09-cv-05256-MMM (FMO), 2009 WL 10672577, at *5 (C.D. Cal. Nov. 12, 2009) (collecting sources). Here, Plaintiff has submitted an affidavit stating that it "will not be seeking amounts in the excess of $75,000 including all forms of Potential [sic] damages and fees." (Hartley Decl. 2, ECF No. 26-1.) Although a post-removal affidavit may cast "substantial doubt" on Defendant's assertion that the jurisdictional threshold was satisfied, *id.*, the Court notes that, in this case, Plaintiff's affidavit does not in and of itself justify remand. Among other things, the affidavit fails to state that Plaintiff "will not *accept or seek to enforce* a judgment that exceeds $75,000[,]" and therefore does not legally foreclose such an award. *See In re Volkswagen* "*Clean Diesel*" *Mktg., Sales Practices, & Prod. Liab. Litig.* (Volkswagen), No. MDL 02672-CRB (JSC), 2019 WL 858633, at *5 (N.D. Cal. Feb. 22, 2019).

---

[1] The Orders in question have now been repealed and superseded by city ordinance. See Public Order Under City of Los Angeles Emergency Authority (Mar. 31, 2020), https://corona-virus.la (choose "COVID-19 Emergency Orders," then "Order Rescinding Eviction Moratorium"); *cf.* L.A., Cal., Ordinance 186585 ("L.A. Ordinance") (Mar. 31, 2020).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-04427-RGK-JPR | Date | July 20, 2020 |
|---|---|---|---|
| Title | ***Geragos & Geragos Fine Arts Building, LLC v. Travelers Indemnity Company of Connecticut, et al*** | | |

Nevertheless, Plaintiff alleges that the amount in controversy is tied to unpaid rent, and the "only possible way that the amount in controversy could exceed $75,000 is if the orders go beyond 12 months." (Pl.'s Mot. To Remand 4). With this in mind, the Court construes Plaintiff's affidavit as clarifying evidence of the amount in controversy at the time of removal.

### B.   Emotional Distress Damages

Plaintiff is not entitled to emotional distress damages because business entities cannot recover emotional distress damages. *See Templeton Feed & Grain v. Ralston Purina Co.*, 69 Cal. 2d 461, 468 (1968).

### C.   Punitive Damages and Attorney's Fees

Defendant cites several jury verdicts that it argues demonstrate that punitive damages and attorney's fees exceeding $75,000 could be awarded on a bad faith claim against an insurer. (See Def's Opp. 9–10.) However, Defendant fails to explain how the facts underlying those bad faith verdicts are analogous to the particular facts or circumstances forming the basis of Plaintiff's claim in this case. Additionally, Plaintiff points out that it "will not owe attorney's fees in the same way as a conventional client" because it is represented by the captive law firm of Geragos & Geragos APC. (*See* Pl.'s Reply 3, ECF No. 31.) The Court therefore finds that Defendant has not demonstrated that punitive damages or attorneys' fees in this case will cause the amount in controversy to meet the jurisdictional limit.

## II.   CONCLUSION

In sum, Defendant has failed to meet its burden to establish the requisite amount in controversy by a preponderance of the evidence. Having found that the Court lacks subject matter jurisdiction on this basis, the Court need not consider the parties' remaining arguments.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04427-RGK-JPR | | Date | July 20, 2020 |
|---|---|---|---|---|
| Title | *Geragos & Geragos Fine Arts Building, LLC v. Travelers Indemnity Company of Connecticut, et al* | | | |

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____